Charles H. Chevalier
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4611
cchevailer@gibbonslaw.com

Christine A. Gaddis
GIBBONS P.C.
141 West Front Street, Suite 240
Red Bank, New Jersey 07701
(732) 704-5801
cgaddis@gibbonslaw.com

*Attorneys for Plaintiff*
*American Regent, Inc.*

OF COUNSEL:

Dennies Varughese, Pharm. D.
Uma Everett (*pro hac vice to be filed*)
Adam LaRock (*pro hac vice to be filed*)
Alex Alfano (*pro hac vice to be filed*)
Ryan Conkin (*pro hac vice to be filed*)
Sterne, Kessler, Goldstein & Fox P.L.L.C.
1101 K Street, NW, 10th Floor
Washington, DC 20005
(202) 371-2600
dvarughese@sternekessler.com
ueverett@sternekessler.com
alarock@sternekessler.com
aalfano@sternekessler.com
rconkin@sternekessler.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AMERICAN REGENT, INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>ACCORD HEALTHCARE, INC.,<br><br>*Defendant.* | Civil Action No. 2:24-cv-9600<br><br>(Filed Electronically) |

**<u>COMPLAINT FOR PATENT INFRINGEMENT TO ACCORD</u>**

Plaintiff American Regent, Inc. ("ARI" or "Plaintiff"), by its undersigned attorneys, for its Complaint against Defendant Accord Healthcare, Inc. ("Accord" or "Defendant") alleges as follows:

## NATURE OF THIS ACTION

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100 *et. seq.*, arising from Accord's submission to the United States Food and Drug Administration ("FDA") of Abbreviated New Drug Application No. 218656 ("the ANDA") which contained a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug, and Cosmetic Act ("Paragraph IV Certification") seeking approval to engage in the commercial manufacture, use, sale, and/or importation of generic versions of ARI's Tralement® (trace elements injection 4*, USP) in 1 mL and 5 mL vials and Multrys® (trace elements injection 4*, USP) in 1 mL single-dose vials drug products ("the ANDA Products") prior to the expiration of United States Patent Nos. 11,786,548 ("the '548 patent"), 11,975,022 ("the '022 patent"), and 11,998,565 ("the '565 patent") (collectively, the "Patents-in-Suit").

## THE PARTIES

2. ARI is a corporation organized and existing under the laws of the State of New York, with a principal place of business at 5 Ramsey Road, Shirley, New York 11967.

3. On information and belief, Accord is a corporation organized and existing under the laws of North Carolina with its principal place of business at 8041 Arco Corporate Drive, Suite 200, Raleigh, North Carolina 27617.

## JURISDICTION AND VENUE

4. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 *et. seq.*, and jurisdiction is proper under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

5. On information and belief, this Court has personal jurisdiction over Accord under the New Jersey state long arm statute and consistent with due process of law because Accord has extensive contacts with the State of New Jersey and regularly does business in this judicial district.

Further, Accord plans to sell the ANDA Products in the State of New Jersey, which provides an independent basis for personal jurisdiction here.

6. This Court has personal jurisdiction over Accord because Accord has purposefully availed itself of the rights and benefits of New Jersey law by engaging in systematic and continuous contact with the State of New Jersey. On information and belief, Accord regularly and continuously transacts business within New Jersey, including by making pharmaceutical products for sale in New Jersey and selling pharmaceutical products in New Jersey. On information and belief, Accord derives substantial revenue from the sale of those products in New Jersey and has availed itself of the privilege of conducting business within New Jersey. On information and belief, Accord derives substantial revenue from selling generic pharmaceutical products and/or pharmaceutical ingredient(s) used in generic pharmaceutical products sold throughout the United States, including in this judicial district.

7. This Court has personal jurisdiction over Accord because, on information and belief, Accord derives substantial revenue from directly or indirectly selling generic pharmaceutical products and/or pharmaceutical ingredient(s) used in generic pharmaceutical products sold throughout the United States, including in this judicial district.

8. On information and belief, Accord is in the business of, among other things, manufacturing, marketing, importing, offering for sale, and selling pharmaceutical products, including generic drug products, throughout the United States, including in this judicial district.

9. On information and belief, Accord intends to benefit directly if the ANDA is approved by participating in the manufacture, importation, distribution, and/or sale of the ANDA Products.

10. On information and belief, this judicial district will be a destination for the generic drug products described in the ANDA.

11. On information and belief, Accord regularly and continuously transacts business within New Jersey, including by making pharmaceutical products for sale in New Jersey and selling pharmaceutical products in New Jersey.

12. This Court has personal jurisdiction over Accord because, *inter alia*, Accord has committed an act of patent infringement under 35 U.S.C. § 271(e)(2) and intends a future course of conduct that includes acts of patent infringement in New Jersey. These acts have led and will lead to foreseeable harm and injury to ARI in New Jersey. Further, on information and belief, following approval of the ANDA, Accord will make, use, import, sell, and/or offer for sale the ANDA Products in the United States, including in New Jersey, prior to the expiration of the Patents-in-Suit.

13. On information and belief, Accord has previously been sued in this Judicial District and has not challenged personal jurisdiction. Accord has also availed itself of New Jersey courts through the assertion of counterclaims in suits brought in New Jersey, including in: *American Regent, Inc. v. Accord Healthcare, Inc.*, C.A. No. 24-07791, Dkt No. 9 (D.N.J. Aug. 15, 2024); *see also, e.g., Theravance Biopharma R&D IP, LLC v. Eugia Pharma Specialities Limited*, C.A. No. 23-00926, Dkt. No. 48 (D.N.J. May 17, 2023); *Fresenius Kabi USA, LLC v. Accord Healthcare Inc.*, C.A. No. 22-06341, Dkt. No. 1 (D.N.J. Oct. 28, 2022); *Janssen Pharmaceuticals, Inc. v. Accord Healthcare Inc.*, C.A. No. 22-00856, Dkt. No. 5 (D.N.J. Feb. 18, 2022); *Eagle Pharmaceuticals, Inc. v. Accord Healthcare Inc.*, C.A. No. 19-09031, Dkt. No. 11 (D.N.J. Apr. 15, 2019).

14. Venue is further proper in this Court under 28 U.S.C. §§ 1391 and/or 1400(b).

15. Venue is proper for Accord under 28 U.S.C. §§ 1391 and/or 1400(b). On information and belief, Accord has committed and will commit further acts of infringement in this judicial district. In addition, Accord does business in this judicial district through a permanent and continuous presence in the State of New Jersey. For example, Accord is registered with the State of New Jersey's Department of Health as a drug manufacturer under Registration No. 5003815 and continuously sells its products in this judicial district. Upon information and belief, Accord employs a sales force that includes personnel that regularly and continuously work in this judicial district and, if Accord succeeds in obtaining FDA approval of the ANDA, Accord will use its salesforce to sell the ANDA Products in the State of New Jersey.

16. In an email correspondence dated October 2, 2024, Accord consented to personal jurisdiction and venue in the District of New Jersey for purposes of this case.

## BACKGROUND

17. ARI holds New Drug Application ("NDA") No. 209376 for Tralement® (trace elements injection 4*, USP) and Multrys® (trace elements injection 4*, USP), the first of which was approved by the FDA on July 2, 2020 and which ARI manufactures and sells in this judicial district and throughout the United States.

18. Tralement® is the first and only FDA-approved multi-trace element injection product for patients weighing at least 10 kg. The FDA has approved both 1 mL and 5 mL forms of Tralement®; ARI markets a 1 mL Tralement® product.

19. Tralement® is a combination of trace elements (zinc sulfate, cupric sulfate, manganese sulfate, and selenious acid) indicated in adult and pediatric patients weighing at least 10 kg as a source of zinc, copper, manganese, and selenium for parenteral nutrition when oral or enteral nutrition is not possible, insufficient, or contraindicated.

20. Multrys® is the first and only FDA-approved multi-trace element injection product for neonatal and pediatric patients weighing less than 10 kg.

21. Multrys® is a combination of trace elements (zinc sulfate, cupric sulfate, manganese sulfate, and selenious acid) indicated in neonatal and pediatric patients weighing less than 10 kg as a source of zinc, copper, manganese, and selenium for parenteral nutrition when oral or enteral nutrition is not possible, insufficient, or contraindicated.

22. Tralement® and Multrys®, as well as the use of Tralement® and Multrys® in accordance with their labels, are covered by one or more claims of the Patents-in-Suit.

23. ARI is the owner of the ’548 patent, which is entitled “Trace element compositions, methods of making and use” and was duly and legally issued on October 17, 2023. A copy of the ’548 patent is attached as Exhibit 1.

24. The ’548 patent has been listed in connection with Tralement® and Multrys® in the FDA’s publication Approved Drug Products with Therapeutic Equivalence Evaluations (the “Orange Book”).

25. As indicated in the Orange Book, the patent expiration date for the ’548 patent is July 1, 2041.

26. ARI is the owner of the ’022 patent, which is entitled “Trace element compositions, methods of making and use” and was duly and legally issued on May 7, 2024. A copy of the ’022 patent is attached as Exhibit 2.

27. The ’022 patent has been listed in connection with Tralement® and Multrys® in the Orange Book.

28. As indicated in the Orange Book, the patent expiration date for the ’022 patent is July 1, 2041.

29. ARI is the owner of the ’565 patent, which is entitled “Trace element compositions, methods of making and use” and was duly and legally issued on June 4, 2024. A copy of the ’565 patent is attached as Exhibit 3.

30. The ’565 patent has been listed in connection with Tralement® and Multrys® in the Orange Book.

31. As indicated in the Orange Book, the patent expiration date for the ’565 patent is July 1, 2041.

32. By letter dated August 28, 2024 (“the Notice Letter”), Accord notified ARI pursuant to the Federal Food, Drug, and Cosmetic Act that Accord had submitted to the FDA the ANDA with a Paragraph IV Certification to seek approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Products prior to the expiration of the Patents-in-Suit.

33. On information and belief, Accord submitted the ANDA to the FDA, which contained a Paragraph IV Certification asserting that the Patents-in-Suit will not be infringed by the manufacture, use, offer for sale, sale, or importation of the ANDA Products, or alternatively, that the Patents-in-Suit are invalid.

34. The Notice Letter asserted defenses of non-infringement for certain, but not all, claims of the Patents-in-Suit. The Notice Letter did not assert defenses of non-infringement for claims 1-7, 9-10, or 12-58 of the ’548 patent, for any claim of the ’022 patent, or for any claim of the ’565 patent.

35. On information and belief, the ANDA Products are generic versions of Tralement® (trace elements injection 4*, USP) and Multrys® (trace elements injection 4*, USP), as their

reference listed drugs, containing the same or equivalent ingredients in the same or equivalent amounts.

36. In the Notice Letter, Accord disclosed that the ANDA Products are (1) a single-dose, 1 mL generic version of Tralement® containing 3 mg of zinc, 0.3 mg of copper, 55 mcg of manganese, and 60 mcg of selenium; (2) a 5 mL generic version of Tralement® containing 3 mg/mL of zinc, 0.3 mg/mL of copper, 55 mcg/mL of manganese, and 60 mcg/mL of selenium; and (3) a single-dose, 1 mL generic version of Multrys® containing 1000 mcg of zinc, 60 mcg of copper, 3 mcg of manganese, and 6 mcg of selenium.

37. On information and belief, the ANDA Products contain zinc, copper, manganese, and selenium in the same or equivalent amounts as Tralement® and Multrys®, respectively.

38. On information and belief, the ANDA Products will feature the same or equivalent chemical and therapeutic properties as Tralement® and Multrys®.

**COUNT I: INFRINGEMENT OF THE ’548 PATENT**

39. ARI realleges paragraphs 1–38 as if fully set forth herein.

40. Accord’s submission of the ANDA with a Paragraph IV Certification to obtain approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of the ANDA Products in or into the United States, prior to the expiration of the ’548 patent, constitutes direct and indirect infringement of the ’548 patent pursuant to 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

41. On information and belief, the ANDA Products, if approved by the FDA, will be manufactured, used, offered for sale, sold, and/or imported in or into the United States by Accord or on its behalf, and will be administered by patients and/or medical practitioners in the United States according to the directions and instructions in the proposed package insert, which will constitute direct infringement by patients and/or medical practitioners of one or more claims of the

’548 patent, under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents. On information and belief, the administration of the ANDA Products will occur with Accord’s specific intent and encouragement, and will be conduct that Accord knows or should know will occur. On information and belief, Accord will actively induce, encourage, aid, and abet that conduct by patients and/or medical practitioners, with knowledge and specific intent that the conduct will be in contravention of ARI’s rights under the ’548 patent.

42. On information and belief, Accord’s commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Products, once the ANDA with a Paragraph IV Certification is approved by the FDA, would constitute direct infringement under 35 U.S.C. § 271(a), induced infringement under 35 U.S.C. § 271(b), and/or contributory infringement under 35 U.S.C. § 271(c) of one or more claims of the ’548 patent, either literally or under the doctrine of equivalents. On information and belief, Accord intends that the ANDA Products be used by patients and medical professionals. Also, on information and belief, Accord knows that the ANDA Products are especially made or adapted for use in infringing the ’548 patent, and that the ANDA Products are not suitable for substantial non-infringing use.

43. ARI will be irreparably harmed if Accord is permitted to make, use, sell, offer to sell, and/or import the ANDA Products in or into the United States, and is not enjoined from doing so. ARI is entitled to relief provided by 35 U.S.C. §§ 271(e)(4) and/or 283, including an order of this Court that the effective date of approval of the ANDA be a date that is not earlier than the expiration date of the ’548 patent, or any later expiration of exclusivity for the ’548 patent to which ARI is or becomes entitled, and an injunction against such infringement. ARI does not have an adequate remedy at law.

44. Accord has had knowledge of the ’548 patent since at least the date Accord submitted the ANDA with a Paragraph IV Certification and was aware that submission of the ANDA with a Paragraph IV Certification constituted an act of infringement under 35 U.S.C. § 271(e)(2).

45. This case is “exceptional,” and ARI is entitled to an award of reasonable attorneys’ fees under 35 U.S.C. § 285.

**COUNT II: INFRINGEMENT OF THE ’022 PATENT**

46. ARI realleges paragraphs 1–45 as if fully set forth herein.

47. Accord’s submission of the ANDA with a Paragraph IV Certification to obtain approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of the ANDA Products in or into the United States, prior to the expiration of the ’022 patent, constitutes infringement of the ’022 patent pursuant to 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

48. On information and belief, the ANDA Products, if approved by the FDA, will be manufactured, used, offered for sale, sold, and/or imported in or into the United States by Accord or on its behalf, and will be administered by patients and/or medical practitioners in the United States according to the directions and instructions in the proposed package insert, which will constitute direct infringement by patients and/or medical practitioners of one or more claims of the ’022 patent, under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents. On information and belief, the administration of the ANDA Products will occur with Accord’s specific intent and encouragement, and will be conduct that Accord knows or should know will occur. On information and belief, Accord will actively induce, encourage, aid, and abet that conduct by patients and/or medical practitioners, with knowledge and specific intent that the conduct will be in contravention of ARI’s rights under the ’022 patent.

49. On information and belief, Accord's commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Products, once the ANDA with a Paragraph IV Certification is approved by the FDA, would constitute induced infringement under 35 U.S.C. § 271(b) and contributory infringement under 35 U.S.C. § 271(c) of one or more claims of the '022 patent, either literally or under the doctrine of equivalents. On information and belief, Accord intends that the ANDA Products be used by patients and medical professionals. Also, on information and belief, Accord knows that the ANDA Products are especially made or adapted for use in infringing the '022 patent, and that the ANDA Products are not suitable for substantial non-infringing use.

50. ARI will be irreparably harmed if Accord is permitted to make, use, sell, offer to sell, and/or import the ANDA Products in or into the United States, and is not enjoined from doing so. ARI is entitled to relief provided by 35 U.S.C. §§ 271(e)(4) and/or 283, including an order of this Court that the effective date of approval of the ANDA be a date that is not earlier than the expiration date of the '022 patent, or any later expiration of exclusivity for the '022 patent to which ARI is or becomes entitled, and an injunction against such infringement. ARI does not have an adequate remedy at law.

51. Accord has had knowledge of the '022 patent since at least the date Accord submitted the ANDA with a Paragraph IV Certification and was aware that submission of the ANDA with a Paragraph IV Certification constituted an act of infringement under 35 U.S.C. § 271(e)(2).

52. This case is "exceptional," and ARI is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

**COUNT III: INFRINGEMENT OF THE '565 PATENT**

53. ARI realleges paragraphs 1–52 as if fully set forth herein.

54. Accord's submission of the ANDA with a Paragraph IV Certification to obtain approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of the ANDA Products in or into the United States, prior to the expiration of the '565 patent, constitutes direct and indirect infringement of the '565 patent pursuant to 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

55. On information and belief, the ANDA Products, if approved by the FDA, will be manufactured, used, offered for sale, sold, and/or imported in or into the United States by Accord or on its behalf, and will be administered by patients and/or medical practitioners in the United States according to the directions and instructions in the proposed package insert, which will constitute direct infringement by patients and/or medical practitioners of one or more claims of the '565 patent, under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents. On information and belief, the administration of the ANDA Products will occur with Accord's specific intent and encouragement, and will be conduct that Accord knows or should know will occur. On information and belief, Accord will actively induce, encourage, aid, and abet that conduct by patients and/or medical practitioners, with knowledge and specific intent that the conduct will be in contravention of ARI's rights under the '565 patent.

56. On information and belief, Accord's commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Products, once the ANDA with a Paragraph IV Certification is approved by the FDA, would constitute direct infringement under 35 U.S.C. § 271(a), induced infringement under 35 U.S.C. § 271(b), and contributory infringement under 35 U.S.C. § 271(c) of one or more claims of the '565 patent, either literally or under the doctrine of equivalents. On information and belief, Accord intends that the ANDA Products be used by patients and medical professionals. Also, on information and belief, Accord knows that the ANDA Products are

especially made or adapted for use in infringing the ’565 patent, and that the ANDA Products are not suitable for substantial non-infringing use.

57. ARI will be irreparably harmed if Accord is permitted to make, use, sell, offer to sell, and/or import the ANDA Products in or into the United States, and is not enjoined from doing so. ARI is entitled to relief provided by 35 U.S.C. §§ 271(e)(4) and/or 283, including an order of this Court that the effective date of approval of the ANDA be a date that is not earlier than the expiration date of the ’565 patent, or any later expiration of exclusivity for the ’565 patent to which ARI is or becomes entitled, and an injunction against such infringement. ARI does not have an adequate remedy at law.

58. Accord has had knowledge of the ’565 patent since at least the date Accord submitted the ANDA with a Paragraph IV Certification and was aware that submission of the ANDA with a Paragraph IV Certification constituted an act of infringement under 35 U.S.C. § 271(e)(2).

59. This case is “exceptional,” and ARI is entitled to an award of reasonable attorneys’ fees under 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, ARI prays that this Court grant the following relief:

(a) A judgment under 35 U.S.C. § 271(e)(2)(A) that Accord has infringed at least one claim of the Patents-in-Suit through Accord’s submission of the ANDA with a Paragraph IV Certification to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States the ANDA Products before the expiration of the Patents-in-Suit;

(b) A judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Accord’s commercial manufacture, use, offer for sale, sale, and/or importation within or into the United

States of the ANDA Products before the expiration of the Patents-in-Suit will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the Patents-in-Suit;

(c) An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of the ANDA, shall not be earlier than the latest expiration date of the Patents-in-Suit, including any extensions and/or additional periods of exclusivity to which ARI is or becomes entitled;

(d) The entry of a permanent and/or preliminary injunction enjoining Accord, and its affiliates and subsidiaries, and each of their officers, agents, servants, and employees, from making, having made, using, offering to sell, selling, marketing, distributing, and importing in or into the United States the ANDA Products, or any product that infringes any of the Patents-in-Suit, or inducing or contributing to the infringement of any of the Patents-in-Suit until after the expiration date of the Patents-in-Suit, including any extension and/or additional periods of exclusivity to which ARI is or becomes entitled, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

(e) The entry of a permanent and/or preliminary injunction enjoining Accord, and its affiliates and subsidiaries, and each of their officers, agents, servants, and employees, from seeking, obtaining, or maintaining approval of the ANDA until the expiration of the Patents-in-Suit, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

(f) Damages or other monetary relief to ARI if Accord engages in commercial manufacture, use, offers to sell, sale, and/or importation in or into the United States of the ANDA Products prior to the expiration of the Patents-in-Suit, including any extensions and/or additional periods of exclusivity to which ARI is or becomes entitled;

(g) A finding that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding ARI its attorneys' fees incurred in this action; and

(h) Such further relief as this Court deems proper and just.

Dated: October 3, 2024

By: s/ Charles H. Chevalier
Charles H. Chevalier
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4611
cchevailer@gibbonslaw.com

Christine A. Gaddis
GIBBONS P.C.
141 West Front Street, Suite 240
Red Bank, New Jersey 07701
(732) 704-5801
cgaddis@gibbonslaw.com

OF COUNSEL:

Dennies Varughese, Pharm. D.
Uma Everett (*pro hac vice to be filed*)
Adam LaRock (*pro hac vice to be filed*)
Alex Alfano (*pro hac vice to be filed*)
Ryan Conkin (*pro hac vice to be filed*)
Sterne, Kessler, Goldstein & Fox P.L.L.C.
1101 K Street, NW, 10th Floor
Washington, DC 20005
(202) 371-2600
dvarughese@sternekessler.com
ueverett@sternekessler.com
alarock@sternekessler.com
aalfano@sternekessler.com
rconkin@sternekessler.com

*Attorneys for Plaintiff*
*American Regent, Inc.*